UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____-CIV-_____/_____

MARIA GARCIA, on behalf of herself
and others similarly situated,

     Plaintiff,

     v.

CROSSCOUNTRY MORTGAGE, LLC,
a Delaware Limited Liability Company,

     Defendant.
_____/

## **COMPLAINT**

1.     Plaintiff, MARIA GARCIA (hereinafter referred to as "Plaintiff"), is an individual residing in Broward County, Florida.

2.     Defendant, CROSSCOUNTRY MORTGAGE, LLC, a Delaware Limited Liability Company, has at all times material to this Complaint had a corporate office in Cleveland, Ohio and owned and operated a nationwide mortgage loan business with "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," employed by Defendant multiple office locations across the United States including at Defendant's Brickell Avenue location in Miami, Florida within the jurisdiction of this Court.

3.     Plaintiff brings this action on behalf of herself[1] and other current and former employees of CROSSCOUNTRY MORTGAGE, LLC similarly situated to Plaintiff who have worked as "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, for unpaid overtime wages, liquidated damages, and the costs and reasonable attorneys' fees of

_____

[1] Attached hereto is a signed Consent to Join of MARIA GARCIA.

this action under the provisions of the FLSA, 29 U.S.C. §216(b).  It is the intent of this collective action to apply to all similarly situated employees of CROSSCOUNTRY MORTGAGE, LLC regardless of location.

4.     Jurisdiction is conferred on this Court by 29 U.S.C. §216(b) and 28 U.S.C. §1337.

5.     All of, and/or a substantial part of, the events giving rise to this action occurred in Miami-Dade County, Florida within the jurisdiction of the United States District Court for the Southern District of Florida.

6.     At all times material to this Complaint including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, CROSSCOUNTRY MORTGAGE, LLC has had two (2) or more employees who have regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.  In this regard, Plaintiff alleges based upon information and belief and subject to discovery, that at all times material to this Complaint including during the years 2020, 2021, 2022, and 2023, CROSSCOUNTRY MORTGAGE, LLC has employed two (2) or more employees who, *inter alia*, have regularly: (a) worked with and/or sold mortgage loans across State lines; and (b) handled equipment and supplies such as copiers, scanners, faxes, computers and telephones, as well as paper, pens, U.S. Postal Service, and FedEx shipping materials, all of which were goods and/or materials that were produced for commerce outside of Florida and moved in interstate commerce; and (c) processed and participated in electronic bank transfers, payments, and other financial electronic transactions across State lines between Florida and other States across the United States.

7.     Based upon information and belief, the annual sales volume of CROSSCOUNTRY MORTGAGE, LLC has been in excess of $500,000.00 per annum at all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023.

8.      At all times material to this Complaint, including but not necessarily limited to during the years of 2020, 2021, 2022, and 2023, CROSSCOUNTRY MORTGAGE, LLC has been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

9.      During the three (3) year statute of limitations period between mid-June 2021 and early July 2022, Plaintiff worked for CROSSCOUNTRY MORTGAGE, LLC in Miami, Florida as a non-exempt "Inside Loan Originator," a/k/a, "Mortgage Loan Officer," and Plaintiff's primary duties consisted of the sale of mortgage loan products for CROSSCOUNTRY MORTGAGE, LLC through inbound and outbound telemarketing to mortgage loan customers.

10.     The additional persons who may become Plaintiffs in this action are CROSSCOUNTRY MORTGAGE, LLC's current and former "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, who have worked for Defendant in one or more weeks between within the three (3) year statute of limitations period between January 2020 and the present without being paid time and one-half wages for all of their actual hours worked in excess of Forty (40) hours per week for CROSSCOUNTRY MORTGAGE, LLC.

11.     During the three (3) year statute of limitations period between mid-June 2021 and early July 2022, Plaintiff regularly worked in excess of Forty (40) hours per week for Defendant while performing non-exempt work in the position known as "Inside Loan Originator," a/k/a, "Mortgage Loan Officer."

12.     Likewise, the other employees of CROSSCOUNTRY MORTGAGE, LLC who are similarly situated to Plaintiff have regularly worked as "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however, variously titled, in excess of Forty (40) hours in one or more work weeks for Defendant within the three (3) year statute of limitations period between January

3

2020 and the present.

13.      However, CROSSCOUNTRY MORTGAGE, LLC has failed to pay time and one-half wages for the overtime hours worked by Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, for all of their actual overtime hours worked within the three (3) year statute of limitations period, with Defendant instead paying hourly plus commission wages for Forty (40) hours per week but without time and one-half compensation for the overtime hours worked by Plaintiff and the other similarly situated employees each work week between January 2020 and the present.

14.      During the three (3) year statute of limitations period between January 2020 and the present, CROSSCOUNTRY MORTGAGE, LLC has failed to comply with the overtime compensation requirements of the Fair Labor Standards Acts for Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers" similarly situated to her despite the primary job duties of Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers" being non-exempt sales work for Defendant's mortgage loan business.

15.      The primary job duties performed by Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, for CROSSCOUNTRY MORTGAGE, LLC between January 2020 and the present *have not* involved the exercise of independent judgment nor were their primary duties administrative tasks that involved exercising discretion for Defendant's general business operations.

16.      Likewise, the primary duties and work performed by Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, for CROSSCOUNTRY MORTGAGE, LLC between January 2020 and the present have required little skill and no capital investment, as these duties *did not* substantially include

managerial responsibilities or the exercise of independent judgment with respect to matters of significance in the operation of Defendant's administration or other operations.

17.     Instead, Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, have devoted the majority of their working time for CROSSCOUNTRY MORTGAGE, LLC within the three (3) year statute of limitations period between January 2020 and the present to production, sales work in Defendant's mortgage loan business.

18.     Finally, the primary duties of Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, for CROSSCOUNTRY MORTGAGE, LLC during the three (3) year statute of limitations period between January 2020 and the present *were not* management of any department(s), division(s), or job site(s) of CROSSCOUNTRY MORTGAGE, LLC, and Plaintiff and the other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, had no authority for and *did not* interview, hire, discipline, or fire employees of Defendant.

19.     During the three (3) year statute of limitations period between mid-June 2021 and early July 2022, Plaintiff regularly worked for CROSSCOUNTRY MORTGAGE, LLC while in the position of "Inside Loan Originator," a/k/a, "Mortgage Loan Officer," with start times of approximately 8:30-9:00 a.m. and with stop times as late as approximately 9:00 p.m., regularly working between approximately Sixty (60) to Sixty-Five (65) hours per week.

20.     However, CROSSCOUNTRY MORTGAGE, LLC has failed to pay time and one-half wages for all of the actual overtime hours that Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, have worked in excess of Forty (40) hours per week for Defendant in numerous work weeks during the three (3) year statute of

limitations period between January 2020 and the present as required by the Fair Labor Standards Act, with Defendant instead paying Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers" hourly and commission wages without time and one-half compensation for all of hours worked for Defendant in excess of Forty (40) hours per week.

21.     Subject to discovery, based upon CROSSCOUNTRY MORTGAGE, LLC paying Plaintiff average gross weekly wages of approximately $1,244.30 for Forty (40) hours of work per week between June 2021 and December 2021 and approximately $888.59 for 40 hours per week between January 2022 and July 2022—all without overtime compensation for the hours Plaintiff worked for Defendant in excess of Forty (40) hours per week—if Plaintiff's unpaid overtime wages are found to be due and owing for an average of Twenty (20) overtime hours per week at the rate of $46.66/hour in 2021 and $33.32/hour in 2022, Plaintiff's unpaid overtime wages total **$40,258.42** [($46.66/hour x 20 Unpaid OT hours/week x 26 weeks between 6/28/21 and 12/31/21 = $24,263.79) + ($33.32/hour x 20 Unpaid Overtime hours/week x 24 weeks between 1/1/22 and 7/4/22 = $15,994.64) = $40,258.42], whereas if CROSSCOUNTRY MORTGAGE, LLC could demonstrate that the "fluctuating workweek method," 29 C.F.R. §778.114, governs the calculation of Plaintiff's unpaid overtime wages on a half-time basis at the rates of $10.37/hour in 2021 [$1,244.30/60 hours = $20.74/2 = $10.37/hour] and $7.40/hour in 2022 [$888.59/60 hours = $14.81/2 = $7.40/hour], Plaintiff's unpaid overtime wages total **$8,946.32** [($10.37/hour x 20 Unpaid OT hours/week x 26 weeks between 6/28/21 and 12/31/21 = $,5391.95) + ($7.40/hour x 20 Unpaid Overtime hours/week x 24 weeks between 1/1/22 and 7/4/22 = $3,554.36) = $8,946.32].

22.     Based upon information and belief, CROSSCOUNTRY MORTGAGE, LLC has failed to maintain contemporaneous and accurate records of the all of the actual start times, stop times, number of hours worked each day, and total hours actually worked each week by Plaintiff

and other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, during each week between January 2020 and the present as required by the FLSA, 29 C.F.R. §516.2(a)(7).

23.     Nonetheless, CROSSCOUNTRY MORTGAGE, LLC had knowledge of the hours worked in excess of Forty (40) hours per week by Plaintiff other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, during each week between January 2020 and the present but Defendant willfully failed to compensate Plaintiff and the other similarly situated employees for all of their actual overtime hours worked for Defendant, instead accepting the benefits of the work performed by Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers" without the overtime compensation required by the FLSA, 29 U.S.C. §207.

24.     The complete records reflecting the compensation paid by CROSSCOUNTRY MORTGAGE, LLC to Plaintiff and all other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, at any location between January 2020 and the present are in the possession, custody, and/or control of Defendant.

## COUNT I
## OVERTIME VIOLATIONS OF THE FAIR LABOR STANDARDS ACT

25.     Plaintiff, MARIA GARCIA, readopts and realleges the allegations contained in Paragraphs 1 through 24 above.

26.     Plaintiff is entitled to be paid time and one-half of her applicable regular rates of pay for each hour she worked for CROSSCOUNTRY MORTGAGE, LLC as a non-exempt "Inside Loan Originator," a/k/a, "Mortgage Loan Officer," in excess of Forty (40) hours per work week during the three (3) year statute of limitations period between mid-June 2021 and early July 2022.

27.     All similarly situated non-exempt "Inside Loan Originators," a/k/a, "Mortgage

Loan Officers," however variously titled, of CROSSCOUNTRY MORTGAGE, LLC are also entitled to be paid time and one-half of their applicable regular rates of pay for each and every overtime hour they have worked for Defendant but were not properly compensated for working on Defendant's behalf during any work weeks within the three (3) year statute of limitations period between January 2020 and the present.

28.     CROSSCOUNTRY MORTGAGE, LLC has knowingly and willfully failed to pay Plaintiff and the other non-exempt "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, similarly situated to her at time and one-half of their applicable regular rates of pay for all hours worked for Defendant in excess of Forty (40) per week within the three (3) year statute of limitations period between January 2020 and the present.

29.     At all times material to this Complaint, CROSSCOUNTRY MORTGAGE, LLC had constructive and actual notice that Defendant's compensation practices did not provide Plaintiff and other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, with time and one-half wages for all of their actual overtime hours worked between January 2020 and the present based upon, *inter alia*, Defendant: (a) failing to maintain accurate time records of the actual start times, actual stop times, and actual total hours worked each week by Plaintiff and the other "Inside Loan Originators," a/k/a, "Mortgage Loan Officers"; and (b) knowingly failing to pay time and one-half wages for all of the actual hours worked in excess of Forty (40) hours per week by Plaintiff and other similarly situated employees, and instead failing to pay time and one-half wages for the overtime hours that CROSSCOUNTRY MORTGAGE, LLC knew had been worked for the benefit of Defendant.

30.     By reason of the said intentional, willful and unlawful acts of CROSSCOUNTRY MORTGAGE, LLC, all Plaintiffs (the named Plaintiff and those similarly situated to her) have

suffered damages plus incurring costs and reasonable attorneys' fees.

31.     Based upon information and belief, at all times material to this Complaint, CROSSCOUNTRY MORTGAGE, LLC did not have a good faith basis for its failure to pay time and one-half wages for all of the actual hours worked by Plaintiff and the other similarly situated "Inside Loan Originators," a/k/a, "Mortgage Loan Officers," however variously titled, between January 2020 and the present, as a result of which Plaintiff and those similarly situated to her are entitled to the recovery of liquidated damages from Defendant pursuant to 29 U.S.C. §216(b).

32.     Plaintiff has retained the undersigned counsel to represent her in this action, and pursuant to 29 U.S.C. §216(b), Plaintiff is entitled to recover from CROSSCOUNTRY MORTGAGE, LLC all reasonable attorneys' fees and costs incurred as a result of Defendant's violations of the FLSA.

33.     Plaintiff demands a jury trial.

WHEREFORE, Plaintiff, MARIA GARCIA and any current or former employees similarly situated to her who join this action as Opt-In Plaintiffs, demand judgment against Defendant, CROSSCOUNTRY MORTGAGE, LLC, for the payment of all unpaid overtime compensation, liquidated damages, reasonable attorneys' fees and costs of suit, and for all proper relief including prejudgment interest.

**JURY TRIAL DEMAND**

Plaintiff demands trial by jury on all issues so triable.


Dated:  January 19, 2023                    Respectfully submitted,

                                    By:    **KEITH M. STERN**
                                           Keith M. Stern, Esquire
                                           Florida Bar No. 321000
                                           E-mail:  employlaw@keithstern.com

LAW OFFICE OF KEITH M. STERN, P.A.
80 S.W. 8th Street, Suite 2000
Miami, Florida 33130
Telephone:  (305) 901-1379
Fax:  (561) 288-9031
Attorneys for Plaintiff

## CONSENT TO JOIN FORM

1.      I consent to be a party plaintiff in a lawsuit against Defendant, **CrossCountry Mortgage, LLC**, as well as any related entities and individuals, to seek recovery for violations of the Fair Labor Standards Act (FLSA) pursuant to 29 U.S.C. §216(b) *et seq.*

2.      I hereby designate the Law Office of Keith M. Stern, P.A. to represent me in bringing my FLSA claims against Defendant and to make decisions on my behalf concerning the litigation and settlement of these claims. I agree to be bound by any settlement with Defendant approved by the Court and any adjudication by the Court, whether it is favorable or unfavorable.

3.      I also consent to join any other related action against Defendant, or any other potentially responsible parties, to assert my FLSA claims and for this Consent Form to be filed in any such action.

*Maria Garcia*
Maria Garcia (Jan 19, 2023 10:11 EST)
**Maria Garcia**